IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Compañía Chilena De Navegación Interoceánica S.A.<br><br>Plaintiff<br><br>    vs.<br><br>International Shipping Agency Inc.; ABC Insurance Company; XYZ Insurance Company; John Doe and Richard Roe<br><br>    Defendants | CIVIL NO.<br><br>NEGLIGENCE AND BREACH OF MARITIME CONTRACT |

COMPLAINT

TO THE HONORABLE COURT:

The plaintiff, Compañía Chilena De Navegación Interoceánica S.A., complains and alleges against the defendants as follows:

JURISDICTION

1.   This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure.

2.   This Honorable Court also has jurisdiction to entertain this action pursuant to 28 U.S.C. §1332 because the parties are of diverse citizenship and the amount in controversy exceeds the amount of $75,000.00, exclusive of interests and costs.

## THE PARTIES

3.     The plaintiff, Compañía de Navegación Interoceánica S.A., ("CCNI"), is an entity organized and existing by virtue of the laws of the Republic of Chile, with principal offices in that country.

4.     The defendant, International Shipping Agency Inc., ("Intership"), is a corporation existing by virtue of the laws of the Commonwealth of Puerto Rico, with principal offices in San Juan, Puerto Rico.

5.     The defendants ABC Insurance Company number one and XYZ Insurance Company number two are insurance companies which had in effect for all times relevant to this Complaint a policy of insurance covering the risks claimed herein, to the benefit of the defendant Intership.  Their true identity or place of incorporation are unknown at this time.

6.     The defendants John Doe and Richard Roe are other natural or juridical persons, whose true identities are unknown at this time, and whose conduct, all as set forth below, makes he/she/it liable to the plaintiffs for the causes of action listed below.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.     CCNI is engaged in the ocean transportation of goods by ship.  In furtherance of this business, cargo transported aboard ships pursuant to CCNI's Bills of Lading will call at the port of San Juan as the ultimate destination, or as a port of transshipment of cargo for onward transportation aboard other ships to other destinations.

8. On or about November 11, 2006 CCNI issued Bill of Lading No. BI ITGOA – 000280000-7 in connection to a cargo consisting of an Injection Molding Machine destined to be transported from the port of Genoa, Italy to Callao, Peru.

9. The shipper of the cargo under Bill of Lading No. BI ITGOA – 000280000-7 was Trismare Int'l Transport SRL and the consignee of the cargo an entity by name Trismare Peru S.A. An entity by name Inyecto Plast S.A. ("Inyecto") was the ultimate receiver/owner of the cargo in Peru.

10. The subject cargo was transported aboard the ship CSAV BARCELONA, voyage no. 0619 SB from Genoa to San Juan, were it was going to be unloaded and transferred to another vessel for onward transportation to Callao, Peru.

11. The cargo arrived to San Juan, Puerto Rico, on or about November 30, 2006. CCNI's stevedoring agents in San Juan, Intership, off loaded the subject cargo in San Juan on or about that date to transfer the same to another vessel for the onward transportation to Callao, Peru. While in the process of transferring the subject cargo in a chassis or trailer, for loading in the connecting carrier/vessel, the cargo tipped over and fell on the ground within Intership's marine terminal facilities in San Juan.

12. Surveys concerning the damages observed from the damaged packing or crate where the Injection Molding Machine was stowed were performed in San Juan. Thereafter, Intership took action to repair the damaged packing or crate for onward transportation to Peru several days later, on or about December 16, 2006, aboard the ship CSAV GENOA. The damaged cargo arrived to its ultimate destination in Peru on or about December 22, 2006.

13. Subsequent inspections in Peru disclosed that the cargo suffered serious damages and was declared a constructive total loss.

14. The cargo underwriter, "El Pacifico – Peruano Suiza Compañía de Seguros y Reaseguros" ("El Pacifico") paid the ultimate receiver/owner of the cargo, Inyecto, the total amount of $131,274.00 for damages to the subject machine.

15. Thereafter, El Pacifico filed a subrogation action against CCNI in Callao, Peru, before the Court of First Instance in Peru under case number 2007-03247-0-0701-JR-CI-05 seeking payment of the $131,274.00 paid in connection to the loss. Inyecto also joined the proceeding seeking payment of $18,367.56, which consisted of costs and expenses that were not included in the payment issued by El Pacifico.

16. CCNI issued a notice of liability to Intership and has kept them abreast of the developments in relation to the Court proceedings in Peru. Throughout this period, Intership has also granted CCNI several extensions of time to present their claim against Intership pending the outcome of the proceedings in Peru.

17. The Court proceedings in Peru are still active, pending final resolution, but the final extension of time granted by Intership to CCNI to file suit against Intership will expire today, December 22, 2009. CCNI has issued several requests for Intership to grant a further extension to no avail.

FOR A FIRST CAUSE OF ACTION

18. CCNI repeats each and every allegation in paragraphs 1 through 17, inclusive, of this Complaint, as if set forth herein at length.

19. The defendant Intership, as owner and/or operator of the marine terminal in San Juan, Puerto Rico, in possession, and with the responsibility to off load and re-load the Injection Molding Machine destined to Callao, Peru, under Bill of Lading No. BI ITGOA-000280000-7, owed CCNI a duty of care and was required to observe the degree of precaution and vigilance to avoid loss or damage to the subject cargo.

20. The damages to the above referred Injection Molding Machine was caused by the negligence of Intership in that it failed to comply with the duty of care by not taking adequate measures to safely off load and transfer the subject cargo for transshipment to Callao Peru, thus, resulting in damages in the total amount of $149,641.56, plus interest and attorney fees and other litigation costs incurred by CCNI as consequence of Intership's negligent actions and omissions.

FOR A SECOND CAUSE OF ACTION

21. CCNI repeats each and every allegation in paragraphs 1 through 20, inclusive, of this Complaint as if set forth herein at length.

22. There was in effect a Stevedoring Contract between CCNI and Intership at the time of the incident involved in this action.

23. Pursuant to the provisions under Paragraph 2.0, of the General Terms and Conditions of said contract, Intership shall be legally liable for damages to cargo due to negligence on the part of Intership, including negligence in the maintenance or unsafe condition of its equipment, as well as the negligence of its employees, subcontractors and agents.

24. Pursuant to the provisions under Paragraph 2.1, of the General Terms and Conditions of said contract, Intership is under obligation to defend and hold harmless CCNI from and against any liability, suits, procedures, or claims and actions for damage to cargo, and all costs and attorneys fees associated therewith.

25. Accordingly, Intership is under legal obligation to reimburse CCNI for all legal fees and expenses incurred, and to be incurred in the future, in connection to the ongoing litigation in Peru; and to provide defense to CCNI in said proceedings; and to assume liability for any judgment or monetary award that may issue against CCNI in connection to said proceedings.

## FOR A THIRD CAUSE OF ACTION

26. CCNI Repeats each and every allegation in paragraphs 1 through 25, inclusive, of this Complaint, as if set forth herein at length.

27. The defendants John Doe and Richard Roe are other natural or juridical persons who owed a duty of care to CCNI and breached said duty, thus, causing loss or damages to the cargo involved in this action.

28. Accordingly, the defendants John Doe and Richard Roe are also liable to CCNI for the damages claimed in this action.

## FOR A FOURTH CAUSE OF ACTION

29. CCNI repeats each and every allegation in paragraphs 1 through 28, inclusive, of this Complaint, as if set forth herein at length.

30. The defendants ABC Insurance Company number one and XYZ Insurance Company number two have issued policies of insurance which cover the damages and losses set forth herein.

31.    Accordingly, defendants ABC Insurance Company number one and XYZ Insurance Company number two are liable to CCNI under the provisions of Article 20.010 and 20.030 of the Insurance Code of Puerto Rico, Title 26 P.R. Laws Ann. §§ 2001 and 2003.

WHEREFORE, the appearing plaintiff, CCNI, respectfully prays that:

1.    This Court determine and adjudicate the rights and liabilities of the parties with respect to the subject damage/loss of cargo; as well as in relation to the obligation undertaken by Intership to defend and hold harmless CCNI in connection to the Court proceedings in Callao, Peru.

2.    That Judgment be entered against the defendants jointly and severally in an amount of no less than $149,641.56 plus interests, legal fees, and costs.

3.    That this Court award the plaintiff such other and further relief as in law and justice it may be entitled to receive.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 22nd day of December 2009.

s/<u>MANOLO T. RODRIGUEZ-BIRD</u>
USDC-PR NO. 203607
Attorney for Defendant
JIMENEZ, GRAFFAM & LAUSELL
PO BOX 366104
SAN JUAN, PR  00936-6104
TEL. (787) 767-1030
FAX (787) 751-4068
e-mail: usdccases@jgl.com